UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BLACKBIRD CAPITAL LLC,<br><br>    Plaintiff,<br><br>v.<br><br>WORTH GROUP CAPITAL, LLC; JUSTIN ELY; HALLS LAW OFFICE; SCOTIA INTERNATIONAL OF NEVADA, INC.; SION TRADING FZE; MAX WARREN BARBER; NAPO LIMITED; NIKOLAS KORAKIANITIS; GT FOUNDATION; and KUMAR SINGH,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANTS KUMAR SINGH AND GT FOUNDATION BY EMAIL (DOC. NO. 30)**<br><br>Case No. 2:21-cv-00037-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

    Before the court is Plaintiff's Motion for Leave to Serve Defendants Kumar Singh and GT Foundation by Email ("Mot.," Doc. No. 30).

    As set forth in the motion and supporting declaration and exhibits, Plaintiff's process server made multiple attempts to serve GT Foundation and Kumar Singh at two New York addresses which Plaintiff's research indicated were possible addresses for these defendants. (Mot. ¶¶ 3, 5–6, Doc. No. 30; Exs. 1 & 2 to Mot., Affs. of Daniel Rodriguez, Doc. Nos. 30-1 & 30-2; Exs. 3 & 4 to Mot., Affs. of Joshua Lee, Doc. Nos. 30-3 & 30-4.) Based on Plaintiff's communications with Mr. Singh and Mr. Singh's signing of a contract at issue in this case as GT's managing director, Plaintiff represents that Mr. Singh is a managing director of GT Foundation and is authorized to accept service on its behalf. (Mot. ¶ 2, Doc. No. 30; Ex. 5 to Mot, Decl. of Justin Doyle ("Doyle Decl.") ¶ 4, 6, Doc. No. 30-5.) While Plaintiff was attempting to serve these defendants through a process server, Plaintiff's sole member, Justin

1

Doyle, communicated with Mr. Singh via telephone and text message.  (Mot. ¶ 9, Doc. No. 30; Doyle Decl. ¶ 9, Doc. No. 30-5.)  Mr. Doyle requested an address for service but Mr. Singh did not respond, and Mr. Singh refused to accept service.  (Mot. ¶¶ 10–11, Doc. No. 30; Doyle Decl. ¶¶ 11–12, Doc. No. 30-5.)  Plaintiff requests leave to serve Mr. Singh and GT Foundation by email to the email address where Mr. Doyle has regularly communicated with Mr. Singh.  (Mot. ¶¶ 17–18, Doc. No. 30; Doyle Decl. ¶ 13, Doc. No. 30-5.)

       As relevant here, Rule 4(e) of the Federal Rules of Civil Procedure governs service of an individual, and Rule 4(h) governs serving a corporation, partnership, or other unincorporated entity.  Specifically, Rule 4(h)(1)(A) permits service of such entities "in the manner described in Rule 4(e)(1) for serving an individual."  Fed. R. Civ. P. 4(h)(1)(A).  And Rule 4(e)(1) provides that service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  In this case, Plaintiff filed its complaint in the District of Utah.  Therefore, Utah law is applicable.

       Rule 4(d)(5)(A) of the Utah Rules of Civil Procedure provides that "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."  Utah R. Civ. P. 4(d)(5)(A).  The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party."  *Id*.  Additionally, Rule 4(d)(5)(B) provides:

> If the motion is granted, the court will order service of the complaint and summons by means reasonably calculated, under all the circumstances, to apprise the named parties of the action. The court's order must specify the content of the process to be served and the event upon which service is complete. Unless service is by

publication, a copy of the court's order must be served with the process specified by the court.

Utah R. Civ. P. 4(d)(5)(B).

Plaintiff has met its burden to make reasonably diligent efforts to locate and serve Mr. Singh and GT Foundation by making multiple attempts to serve them at two addresses. There is also good cause to believe these defendants are avoiding service because Mr. Singh refused to accept service or to disclose an address for service. Moreover, service by email is reasonably calculated under the circumstances to apprise Mr. Singh and GT Foundation of this action. In addition to permitting service by email, the court will require service by mail to the addresses identified in Plaintiff's motion.

For these reasons, the court GRANTS the motion and ORDERS that Defendants GT Foundation and Kumar Singh may be served as follows:

(1) By mailing the summons, the complaint, and a copy of this order to GT Foundation and Kumar Singh at the following addresses:

92 Stanwood Road
Mt. Kisco, NY 10549

3144 Tremont Avenue, Apartment 1R,
Bronx, NY 10461

(2) By sending the summons, the complaint, and a copy of this order to GT Foundation and Kumar Singh at the following email address three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received from Mr. Singh acknowledging receipt of service):

gtfoundation1@outlook.com

(3) Upon completion of these steps, Plaintiff shall file proof of compliance with the court's order.

DATED this 15th day of April, 2021.

                                BY THE COURT:

                                _____
                                Daphne A. Oberg
                                United States Magistrate Judge