UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BLACKBIRD CAPITAL LLC,<br><br>    Plaintiff,<br><br>v.<br><br>WORTH GROUP CAPITAL, LLC; JUSTIN ELY; HALLS LAW OFFICE; SCOTIA INTERNATIONAL OF NEVADA, INC.; SION TRADING FZE; MAX WARREN BARBER; NAPO LIMITED; NIKOLAS KORAKIANITIS; GT FOUNDATION; and KUMAR SINGH,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANT SION TRADING FZE BY EMAIL (DOC. NO. 39)**<br><br>Case No. 2:21-cv-00037-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Blackbird Capital LLC's ("Blackbird") Motion for Leave to Serve Defendant SION Trading FZE by Email ("Mot.," Doc. No. 39). Defendants Scotia International of Nevada, Inc. ("Scotia") and Max Warren Barber oppose the motion. (Mem. in Opp'n to Pl.'s Mot. for Leave to Serve Def. SION Trading FZE by Email ("Opp'n"), Doc. No. 47.) For the reasons set forth below, the court GRANTS Blackbird's motion.

BACKGROUND

SION Trading FZE ("SION") is an entity formed in the United Arab Emirates. (*See* Compl. ¶ 9, Doc. No. 2 (alleging SION is "a single shareholder limited liability company formed in the United Arab Emirates"); Opp'n 2, Doc. No. 47 (stating SION is "a foreign corporation existing under the laws of the United Arab Emirates"). Blackbird asserts Mr. Barber is the owner and/or controller of both SION and Scotia. (Mot. ¶ 2, Doc. No. 39.) Mr. Barber does not

1

dispute this in his opposition.[1]  Blackbird's assertion is based on communications between Mr. Barber and Blackbird President Justin Doyle, who states in his declaration that Mr. Barber has repeatedly indicated both SION and Scotia are his entities.  (Mot. ¶ 2, Doc. No. 39; Ex. 1 to Mot., Decl. of Justin Doyle ("Doyle Decl.") ¶¶ 4–6, Doc. No. 39-1.)  Blackbird also notes Mr. Barber's email address bears a SION domain, and he regularly responds to emails at that address.  (Mot. ¶¶ 2, 34, Doc. No. 39; Doyle Decl. ¶ 9, Doc. No. 39-1.)

As set forth in Blackbird's motion and supporting declarations and exhibits, Blackbird's process server made four attempts to serve Mr. Barber, SION, and Scotia via personal service on Mr. Barber at two Utah addresses.[2]  (Mot. ¶¶ 3–4, Doc. No. 39; Ex. 2 to Mot., Decl. of Chris Burton ("Burton Decl."), Doc. No. 39-2.)  At the first address, the process server spoke to a man who Blackbird represents, upon information and belief, was Mr. Barber's father.  (Mot. ¶ 3, Doc. No. 39; Burton Decl., Doc. No. 39-2.)  At this address, a truck in the driveway had printing on the side of it identifying both Scotia and SION.  (Mot. ¶ 3, Doc. No. 39; Burton Decl., Doc. No. 39-2.)  The man declined to accept service for SION or Scotia.  (Mot. ¶ 3, Doc. No. 39; Burton Decl., Doc. No. 39-2.)  During two attempts at the second address, the process server spoke with a man through a Ring doorbell system, who told him Mr. Barber was out of town.  (Mot. ¶ 4, Doc. No. 39; Burton Decl., Doc. No. 39-2.)  Mr. Barber confirmed in his opposition that he was the man who spoke to the process server.  (Opp'n 5, Doc. No. 47.)

---

[1] Mr. Barber argues Blackbird failed to adequately plead that he is an "alter ego" of SION, (Opp'n 9–12, Doc. No. 47), but this is irrelevant, as discussed below.

[2] The motion and supporting documents also describe an additional service attempt at a business address associated with Scotia.  (Mot. ¶¶ 5–6, Doc. No. 39; Ex. 2 to Mot., Decl. of Chris Burton, Doc. No. 39-2.)

After these attempts, Blackbird discovered Mr. Barber and Scotia were represented by counsel in another case in the District of Utah. (Mot. ¶ 7, Doc. No. 39; Ex. 3 to Mot., Decl. of Carrie Johnson ("Johnson Decl.") ¶ 3, Doc. No. 39-3.) Blackbird's counsel contacted these attorneys and requested they accept service on behalf of Mr. Barber, Scotia, and SION. (Mot. ¶ 8, Doc. No. 39; Ex. 3 to Mot., Johnson Decl. ¶ 4, Doc. No. 39-3.) After initially indicating the firm was not retained on this case, on March 5, 2021, one of the attorneys informed Blackbird's counsel that she and her firm had "now been retained in this matter to represent Mr. Barber and the two affiliated companies." (Mot. ¶¶ 8–9, Doc. No. 39; Johnson Decl. ¶¶ 5–6, Doc. No. 39-3; Ex. A to Johnson Decl., Email from Sarah Spencer to Carrie Johnson, et al. (March 5, 2021), Doc. No. 39-4 at 1.) After several conferrals, the attorney informed Blackbird's counsel that Mr. Barber was not willing to accept service. (Mot. ¶¶ 10–12, Doc. No. 39; Johnson Decl. ¶¶ 7–10, Doc. No. 39-3.) Blackbird's counsel then asked the attorney to provide an address and time at which Blackbird could personally serve Mr. Barber. (Mot. ¶ 15, Doc. No. 39; Johnson Decl. ¶ 12, Doc. No. 39-3.) Rather than providing this information, the attorney responded that she could accept service on behalf of Mr. Barber and Scotia, but not SION. (Mot. ¶ 16, Doc. No. 39; Johnson Decl. ¶ 13, Doc. No. 39-3.) The attorney eventually provided signed waivers of service on behalf of Mr. Barber and Scotia, but she did not respond to Blackbird's inquiries regarding why Mr. Barber would not or could not authorize her to accept service for SION. (Mot. ¶¶ 17–22, Doc. No. 39; Johnson Decl. ¶¶ 14–19, Doc. No. 39-3.)

Blackbird then filed the instant motion requesting leave to serve SION by email to Mr. Barber at his SION email address. (Mot. ¶ 35, Doc. No. 37.) After filing this motion, Blackbird made two more unsuccessful attempts to serve SION via personal service of Mr. Barber at the second address. (Reply in Support of Pl.'s Mot. for Leave to Serve Def. SION Trading FZE by

Email ("Reply") 5, Doc. No. 49; Ex. 4 to Reply, Decl. of Jonathon Humphrey ("Humphrey Decl."), Doc. No. 49-1.) Both times, Mr. Barber told the process server (through his doorbell) that he was out of town, even though he had informed the process server during the first attempt that he would return by the date and time of the second attempt. (Reply 5, Doc. No. 49; Humphrey Decl., Doc. No. 49-1.) During the second attempt, Mr. Barber stated he would not accept service for SION and referred the process server to the law firm and attorney representing him in this case. (Reply 5–6, Doc. No. 49; Humphrey Decl., Doc. No. 49-1.)

## LEGAL STANDARDS

Rule 4(h) of the the Federal Rules of Civil Procedure governs service of a domestic or foreign corporation, partnership, or other unincorporated entity. This rule permits service of a foreign entity in the United States "in the manner described in Rule 4(e)(1) for serving an individual," or "by delivering a copy of the summons and of the complaint to an officer, [or] a managing or general agent." Fed. R. Civ. P. 4(h)(1)(A)–(B). And Rule 4(e)(1) provides that service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In this case, Blackbird filed its complaint in the District of Utah, and it is attempting to serve SION via its owner and controller in Utah. Therefore, Utah law is applicable.

As relevant here, Rule 4(d)(1)(E) of the Utah Rules of Civil Procedure permits service of a corporation or company "by delivering a copy of the summons and complaint to an officer, [or] a managing or general agent." Rule 4(d)(5)(A) of the Utah Rules of Civil Procedure provides that "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to

4

be served is avoiding service, the party seeking service may file a motion to allow service by some other means." Utah R. Civ. P. 4(d)(5)(A). The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party." *Id.* Additionally, Rule 4(d)(5)(B) provides:

> If the motion is granted, the court will order service of the complaint and summons by means reasonably calculated, under all the circumstances, to apprise the named parties of the action. The court's order must specify the content of the process to be served and the event upon which service is complete. Unless service is by publication, a copy of the court's order must be served with the process specified by the court.

Utah R. Civ. P. 4(d)(5)(B).

## DISCUSSION

Blackbird contends Mr. Barber, as SION's ower and controller, is avoiding service on SION, and it seeks leave to serve SION via email to Mr. Barber at his SION address. (Mot. ¶¶ 32–35, Doc. No. 39.) In their opposition, Mr. Barber and Scotia argue (1) Blackbird has not made diligent attempts to serve SION; (2) whether SION was unwilling to waive service is irrelevant; (3) the Complaint's allegations of alter ego liablity do not warrant alternative service; and (4) Blackbird did not follow the technical requirements of Rule 4 for requesting a waiver of service and shifting the cost of service to SION. (Opp'n, Doc. No. 47.)

Based on the evidence submitted with its motion, Blackbird has shown both diligent efforts to serve SION and good cause to believe SION, through Mr. Barber, is avoiding service. Blackbird has made numerous attempts to personally serve SION via delivery to its owner and controller, Mr. Barber, as permitted under Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure and Rule 4(d)(1)(E) of the Utah Rules of Civil Procedure. This includes four attempts at the address where Mr. Barber spoke with the process server through his doorbell. These attempts were unsuccessful despite the process server returning at a date and time when Mr.

Barber indicated he would be available. Blackbird's counsel also contacted the attorney who told Blackbird's counsel she represented SION and requested she either accept service or provide a location and time for personal service upon Mr. Barber. Although SION is not required to waive service, Blackbird's efforts to obtain either a waiver from counsel or information which would allow it to personally serve Mr. Barber are further evidence of Blackbird's diligence. Moreover, Mr. Barber's conduct, including his failure to provide accurate information regarding a time and location for service and his stated refusal to accept service for SION, indicate he is avoiding service on behalf of SION. Under these circumstances, alternative service is warranted under Utah R. Civ. P. 4(d)(5)(A).

Blackbird has also shown service by email to Mr. Barber at his SION email address is reasonably calculated under the circumstances to apprise SION of this action. *See* Utah R. Civ. P. 4(d)(5)(B). Indeed, the evidence indicates SION is already aware of this action through both Mr. Barber and its attorney.

The arguments in the opposition regarding alter ego liability are irrelevant. Blackbird does not seek to serve Mr. Barber as an "alter ego" of SION, but, rather, in his capacity as SION's owner and controller. Mr. Barber does not dispute he holds this position, and this qualifies him as an officer and agent who may be served on SION's behalf under Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure and Rule 4(d)(1)(E) of the Utah Rules of Civil Procedure. Likewise, the arguments in the opposition regarding the technical requirements for waiver of service and cost-shifting are irrelevant because Blackbird does not argue SION waived service and does not request that SION pay the cost of service.

For these reasons, the court GRANTS Blackbird's motion and ORDERS that Defendant SION Trading FZE may be served as follows:

6

(1) By sending the summons, the complaint, and a copy of this order to Mr. Barber at the following email address:

max@siontradingfze.com

(2) Upon completion of service by email as set forth above, Blackbird shall file proof of compliance with the court's order.

DATED this 7th day of June, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge