UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BLACKBIRD CAPITAL LLC,<br><br>    Plaintiff,<br><br>v.<br><br>WORTH GROUP CAPITAL, LLC, et al.,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANT NIKOLAS KORAKIANITIS BY EMAIL (DOC. NO. 76)**<br><br>Case No. 2:21-cv-00037<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is a Plaintiff Blackbird Capital LLC's ("Blackbird") Motion for Leave to Serve Defendant Nikolas Korakianitis by Email, or in the Alternative, for Extension of Plaintiff's Deadline to Serve Summons and Complaint, ("Mot.," Doc. No. 76). Blackbird seeks leave to serve Mr. Korakianitis, an individual believed to reside outside the United States, by email. For the reasons explained below, the court grants the motion.

## BACKGROUND

According to Blackbird, Mr. Korakianitis does not appear to be located in the United States, but its efforts to locate him have been inconclusive. (Mot. ¶¶ 7, 11, Doc. No. 76.) As set forth in the motion and supporting declarations, Blackbird and its counsel have made extensive efforts to locate Mr. Korakianitis, including researching his address; contacting him by phone, email, and text message; speaking to other victims of his alleged fraudulent scheme; reviewing investigative reports prepared on him; hiring an international processer server to perform additional research on his location; and speaking to other lawyers who have litigated against him.

1

(Ex. 1, Decl. of Justin Doyle ("Doyle Decl.") ¶ 8, Doc. No. 76-1; Ex. 2, Decl. of Carrie Johnson ("Johnson Decl.") ¶¶ 4, 8–9, Doc. No. 76-2.) Mr. Korakianitis represented to Blackbird's president that he lives in Canada and was authorized to act on behalf of Defendant NaPo Limited ("NaPo"). (Doyle Decl. ¶ 5, Doc. No. 76-1.) However, he did not respond to communications regarding service of the complaint. (*Id.* ¶ 8.) Blackbird made two attempts to serve Mr. Korakianitis at an address in Ontario, Canada, but discovered this was the address of another individual with the same name.[1] (*See* Ex. 3, Decl. of Chris Russell ("Russell Decl.") ¶¶ 3–8, Doc. No. 77-1.) Blackbird then attempted to serve Mr. Korakianitis at NaPo's address in Barbados. (Johnson Decl. ¶ 9, Doc. No. 76-2.) Blackbird's process server indicated he was able to serve NaPo, but the building manager informed the process server that Mr. Korakianitis lived in Canada. (*See* Decl. of Wendel Nicholls (Dec. 20, 2021) ¶¶ 3–9, Doc. No. 75 (describing service of NaPo); Decl. of Wendel Nicholls (Dec. 22, 2021) ¶¶ 3–5, Doc. No. 77-2 (describing attempted service of Mr. Korakianitis at NaPo address).) Blackbird's counsel also received information from another attorney who has litigated against Mr. Korakianitis, indicating Mr. Korakianitis may be living on a boat in international waters. (Johnson Decl. ¶ 8, Doc. No. 76-2.)

Based on its research and its unsuccessful attempts to serve Mr. Korakianitis, Blackbird believes Mr. Korakianitis is avoiding service, and it now seeks leave to serve him by email. (Mot. ¶ 18, Doc. No. 76.) According to Blackbird's president, Mr. Korakianitis's email address

---

[1] Blackbird's process server spoke with the occupants, who indicated they had nothing to do with NaPo and that there were multiple individuals with the same name in the area. (*See* Russell Decl. ¶¶ 3–8, Doc. No. 77-1.) Based on Blackbird's research, Blackbird believes the person residing at this address is not the defendant. (*See* Mot. ¶¶ 12–13, Doc. No. 76; Doyle Decl. ¶ 10, Doc. No. 76-1; Johnson Decl. ¶¶ 6–7, Doc. No. 76-2.)

is krako42@gmail.com, and Mr. Korakianitis has responded to messages sent to this email address in the past. (Doyle Decl. ¶ 9, Doc. No. 76-1.)

**LEGAL STANDARD**

Rule 4(f) of the Federal Rules of Civil Procedure governs service of an individual outside the United States. This rule permits such individuals to be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Courts interpreting Rule 4(f) have concluded this rule does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3). *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *The Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-00287, 2020 U.S. Dist. LEXIS 202808, at *8 (D. Utah Oct. 29, 2020) (unpublished). A method of service authorized under Rule 4(f)(3) must comport with constitutional notions of due process, meaning it must be "'reasonably calculated to provide notice and an opportunity to respond.'" *The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11–12 (quoting *Rio Props., Inc.*, 284 F.3d at 1017). Additionally, the method of service must not be "prohibited" by international agreement, including the Hague Convention. *Compañía De Inversiones Mercantiles, S.A. v. Grupo*

*Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020); *Rio Props., Inc.*, 284 F.3d at 1015 n.4; *The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *9.

## ANALYSIS

Blackbird requests leave to serve Mr. Korakianitis by email. Based on the information presented, this method of service comports with Rule 4(f)(3).

First, service by email is not prohibited by international agreement. Blackbird has provided information indicating Mr. Korakianitis may be located in Canada, and it has also attempted service in Barbados. The United States and Canada are signatories to the Hague Convention, and Barbados is a contracting party. *See* Hague Conference on Private International Law website, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Feb. 15, 2022). The Hague Convention does not expressly prohibit service by email, and courts in this district and other jurisdictions have permitted service by email under Rule 4(f)(3). *See, e.g.*, *The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11–12; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572 JSW, 2007 U.S. Dist. LEXIS 31299, at *5–6 (N.D. Cal. April 17, 2007) (unpublished).

Second, service to the email address which Mr. Korakianitis has used to communicate with Blackbird's president is a method reasonably calculated to provide Mr. Korakianitis with notice of this action and an opportunity to respond. Accordingly, service by email comports with due process.

For these reasons, the court authorizes Blackbird to serve Mr. Korakianitis by email under Rule 4(f)(3).

4

## CONCLUSION

The court GRANTS Blackbird's motion for leave to serve Mr. Korakianitis by email, (Doc. No. 76), and ORDERS that Mr. Korakianitis may be served as follows: by sending the summons, the operative complaint, and a copy of this order to Mr. Korakianitis at the following email address three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received from Mr. Korakianitis acknowledging receipt of service): krako42@gmail.com.

Upon completion of these steps, Blackbird shall file proof of compliance with the court's order.

DATED this 15th day of February, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge